# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## Second District—June Term, 1878.

### Joseph McElhaney
### v.
### The People, use, etc.

1.  Prosecution for bastardy—Weight of evidence.—In prosecutions for bastardy where the prosecutrix swears positively as to the paternity of the child, and the defendant with equal certainty denies the allegations, if the parties stood upon a perfect equality in every respect, there would be no preponderance of evidence, but it must be conceded that for many reasons the testimony of one witness is entitled to more weight than that of the other, even where their interests are equally balanced, and under such circumstances the court cannot say the jury were not authorized in finding that upon this point the evidence preponderated in favor of the prosecutrix.

2.  A civil proceeding—Settlement—Burden of proof.—Such a prosecution is in the nature of a civil proceeding, and it is therefore competent for the parties interested to make a valid settlement of the claim, and a receipt given, expressing to be in full settlement of the case, is *prima facie* evidence of a full settlement, so that the burden of asserting the contrary is upon the party seeking to impeach the receipt, to be established by a preponderance of testimony.

3.  Instructions—Must be based on evidence.—It is not error to refuse an instruction where there is no evidence upon which to base it, and where, if given, it would have the effect of taking from the jury the consideration of a material fact in the case.

Appeal from the County Court of Carroll county; the Hon. Benjamin L. Patch, Judge, presiding.

McElhaney v. The People.

Mr. James Shaw, for appellant; that it was competent for the parties to make a settlement of the prosecution, cited Holmes v. The State, 2 Green, 501; Blackhawk Co. v. Cotter, 32 Iowa, 125; Coleman v. Frum, 3 Scam. 378: Mann v. The People, 35 Ill. 467; Holcomb v. The People, 79 Ill. 409.

That it was incumbent upon the prosecution to make out a case by a preponderance of testimony, as in other civil cases:   McFarland v. The People, 72 Ill. 368.

Upon the question of rescission of the contract as embodied in appellant's fifth instruction:   Smith v. Doty, 24 Ill. 165; Anderson v. White, 27 Ill. 63; P. M. & F. Ins. Co. v. Botto, 47 Ill. 516; Weintz v. Hafner, 78 Ill. 27; Doggett v. Brown, 28 Ill. 493; McPherson v. Walker, 40 Ill. 371; Selby v. Hutchinson, 4 Gilm. 319; Hogan v. Weyer, 5 Hill, 389; Mason v. Bovet, 1 Denio, 69.

Mr. V. Armour, for appellee; that the evidence fails to show a settlement as claimed by appellant, and upon the question of the weight of testimony upon this point; and that the verdict will not be set aside, if it is supported by the evidence, cited 11 Barb. 91 ;   17 Barb. 388 ;   3 Parker's Cr. R. 377; 7 Abb. Pr. 419; 23 Barb. 561; 28 Barb. 462; 25 Wend. 243; 17 How. Pr. 524; 11 Wend. 478; 5 Duer, 216; 4 E. D. Smith, 327; 1 Hill, 93; 13 Ill. 87; 24 Ill. 49; 32 Ill. 329; 41 Ill. 235.

Sibley P. J.   This was a prosecution for bastardy commenced in the County Court of Carroll county, in the name of the People, by Annie M. Ike against Joseph McElhaney; where, upon a trial by jury, he was found guilty of being the father of the illegitimate child mentioned in the complaint. McElhaney, after moving the Court for a new trial, which was disallowed and judgment entered on the verdict, appealed to this Court.

The errors principally relied on for reversing this judgment are that the court below erred in giving improper and refusing to give proper instructions to the jury.   The testimony upon the main question consisted of but two witnesses. That of Miss Ike who swore positively that appellant was the

father of the child, and he with equal certainty denied all her statements in respect to the paternity of her offspring. If the parties stood upon a perfect equality in every respect, there would of course have been no preponderance of evidence in favor of the prosecution, and consequently it must have failed for want of sufficient testimony to support it. But it must be conceded that for many reasons the testimony of one witness is entitled to more weight than that of another, even where their interests are equally balanced. Hence, we cannot say that under such circumstances the jury were unauthorized to find upon this branch of the case that the evidence preponderated in favor of appellee.

On the trial of the cause, the following receipt was introduced in evidence by the appellant:

"Received of Joseph McElhaney, forty dollars in full settlement of the case of bastardy, now pending in the County Court of Carroll county, Illinois, wherein the undersigned is complaining witness, and Joseph McElhaney is defendant, and I hereby agree to dismiss said cause.

Oct. 8th, 1877.                 ANNIE M. IKE."

That this is in the nature of a civil proceeding and therefore competent for the parties interested to settle it, is not disputed. But counsel for the appellee insist that the effect of the receipt was destroyed, for two reasons. First, because it was obtained from Miss Ike by fraud; and second, that by a verbal agreement of the parties at the time it was understood to be a receipt for the $40 then paid, and that McElhaney was by the 1st of December, to give his secured note for $260 in addition to the payment made.

If either of these propositions were established by the evidence, then the receipt itself would have been no bar to the prosecution. It should, however, be kept in view that the receipt was *prima facie* evidence of a full settlement of the matter in dispute and the party asserting the contrary, should have established his proposition by a preponderance of the evidence. The same as if by way of replication to the plea of release when it was first filed (which would doubtless have been the most accurate method of proceeding), set up these

McElhaney v. The People.

been the most accurate method of proceeding), set up these facts in avoidance of the effect of the receipt. We have looked through the record in vain to discover any evidence of fraud in procuring the receipt. Miss Ike testified that she read over the receipt before signing it, and does not intimate that it was afterward altered, or that she did not at the time understand its contents. The mere suspicions of the attorney for appellee cannot prevail in the absence of any proof upon the subject.

Then what is the testimony in respect to the verbal agreement that Miss Ike says was made at the time of the execution of the receipt by which the appellant was to give his secured note for $260 by the first of the then next December. This is positively denied by McElhaney, who stated that the amount mentioned in the receipt was all that he agreed to pay. Scott Porter, at whose house this settlement took place, and who appears to have no interest in the business, testified that on being told the matter had been settled, inquired of Miss Ike after McElhaney had left, if she had settled the difficulty with him, and she replied that she had. He then asked her what she got, and she answered forty dollars. He also (probably considering the smallness of the sum paid) remarked to her if she supposed her folks would be satisfied with that amount, she replied, "Yes;" that her father had told her that if she could see McElhaney and settle for forty or fifty dollars she should do so. She further said that it did not make any difference whether they were satisfied or not; adding that "It is our affair, and I am satisfied, and don't know why they shouldn't be."

There is not only no preponderance of evidence to destroy the effect of the receipt, but the weight of the testimony is in support of it.

The view here taken of the case does not render it necessary that we should notice all the points made by appellant in his brief, in respect to the instructions of the court. It may, however, be observed that they are not liable to the criticism to which they have been subjected. The proposition of law stated by appellant needs no citation of authority to sustain it.

For, as a general rule, whenever a person desires to rescind a contract, he must return or offer to return whatever he has received by means of it, so as to place the opposite party in the same condition it was before it was entered into. But where is the evidence in this case, that Miss Ike was endeavoring to *rescind* the contract referred to in the 5th instruction which was this:

5. " That if the jury believe from the evidence that the complaining witness in this case received forty dollars from the defendant towards a settlement thereof, and if they believe that she was to have $260 more, yet, unless she has paid or tendered the forty dollars back to the defendant, the defendant should be acquitted."

She appeared to be ready and willing to stand by, and execute on her part the contract, as she says it was made, while McElhaney had repudiated her version of it altogether. The instruction assumed that the complaining witness was seeking to rescind the contract of settlement, and therefore was properly refused. Besides, it took from the jury the question whether any settlement had been consummated. Miss Ike swore that there had been no such settlement. That she had agreed to settle with appellant if he would pay her $40 down and give his note with security for $260 more by the 1st of December. Hence, if he refused to comply with his part of the agreement, no settlement at all had been made.

If this was true, and the settlement agreed upon had never been finally consummated through the fault of McElhaney, can it be said that her right to proceed with the prosecution was *barred* unless she returned the $40 received? Yet the Court was asked to say that if she had " received forty dollars of the defendant toward a settlement of the case, and that she was to have $260 more, still, unless she had paid or tendered the $40 back to the defendant, he should be acquitted. The prosecution was pending when the receipt was signed, and the defendant in the case was asserting that the matter had been settled, and yet it is assigned that if forty dollars had been

paid toward a settlement and $260 more was to be paid, the defendant must be acquitted unless the complaining witness had returned the money received. Taking from the jury entirely the question of whether the agreement of appellant to pay or secure the payment of the additional $260 and the promise on the part of Miss Ike to settle upon that condition were concurrent acts or not. If they were, then clearly no settlement had been effected. If the instruction had been based upon the fact that the receipt contained all of the agreement respecting the settlement, and that the complaining witness was seeking to overturn it on account of fraud, then the rule insisted upon relative to the rescision of contracts, might with more propriety have been submitted to the jury.

Not being satisfied with the verdict, we think the case ought to be submitted to another jury, therefore the judgment of the County Court is reversed and the cause is remanded.

Judgment reversed.